**Ronald BOWMAN, Appellant,**

v.

**COMMERCIAL BANK AND TRUST COMPANY, Trustee of the Retirement Plan for Employees of the Commercial Bank and Trust Company in Muskogee, Oklahoma, Appellee.**

**No. 51803.**

Court of Appeals of Oklahoma,
Division No. 1.

Feb. 26, 1980.

Released for Publication by Order of Court of Appeals March 27, 1980.

Jesse L. Leeds, Muskogee, for appellant.

Kennedy, Kennedy & Wright by Joe R. Kennedy, Muskogee, for appellee.

BOX, Judge:

An appeal by plaintiff below, Ronald Bowman, from a summary judgment for the defendant, Commercial Bank and Trust Company of Muskogee, Oklahoma. The parties will be referred to by their designation below.

This case centers on the interpretation of the effective date and vesting provisions of the Pension Reform Act of 1974 officially entitled Employment Retirement Income Security Act 29 U.S.C. §§ 1001 et seq. (ERISA). The plaintiff brought suit in the district court of Muskogee for declaratory relief alleging jurisdiction to be proper by virtue of 12 O.S.1977 Supp., § 1651. Defendant objected to the state trial court's jurisdiction, but jurisdiction is specifically provided for under ERISA by 29 U.S.C. § 1132(e)(1) which gives appropriate state courts concurrent jurisdiction with federal courts under the Act when the subject matter of the suit comes within (a)(1)(B) of section 1132 which reads:

> to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; . . . .

The parties stipulated to the material facts in issue which will be discussed later in this opinion. Thus, the only real issue on summary judgment was the effective date of the ERISA vesting provisions as they apply to this defendant.

Section 1053 of title 29 contains rules pertaining to pension vesting standards. If ERISA became effective as to this defendant as argued by plaintiff on the date of its enactment, the plaintiff would be entitled to 100 percent of his pension benefits under section 1053.

The crucial section of title 29 in this case in section 1061 which enunciates the effective dates of the Act as to the vesting section. The pertinent parts of section 1061 are:

> (a) Except as *otherwise provided in this section*, this part *shall apply in the case of plan years beginning after September 2, 1974.*

> (b)(1) Except as otherwise provided in subsection (d) of this section, sections 1055, 1056(d), and 1058 of this title shall apply with respect *to plan years beginning after December 31, 1975.*

> (2) Except as otherwise provided in subsections (c) [subsection (c) deals with collective bargaining agreements and is not in controversy in this case] and (d) of this section *in the case of a plan in existence on January 1, 1974, this part shall apply in the case of plan years beginning after December 31, 1975.*

> (c) . . .

> (d) If the administrator of a plan elects under section 1017(d) of this Act to make applicable to a plan year and to all subsequent plan years the provisions of the Internal Revenue Code of 1954 relating to participation, vesting, funding, and form of benefit, *this part shall apply to the*

*first plan year to which such election applies and to all subsequent plan years.* [Emphasis added by this Court].

The parties do not cite us any Oklahoma cases pertaining to the precise issue of the effective date of the Act and this court is unable to find any. The court has found a New York case directly on point and finds the reasoning of that court to be persuasive. In *Schlansky v. United Merchants and Manufacturers, Inc.,* 443 F.Supp. 1054 (S.D.N.Y. 1977), the court stated at 1063–64:

ERISA was enacted on September 2, 1974 and imposed fiduciary duties on pension plan administrators effective January 1, 1975. 29 U.S.C. §§ 1101–4. Elaborate provisions prescribing minimum participation and vesting standards are set forth in sections 1052 and 1053 of title 29 and these minimum standards are applicable to pension plan years beginning after September 2, 1974; *however, as to pension plans already existing on January 1, 1974 (defendant's pension plan concededly is such), the participation and vesting standards are not applicable until plan years beginning after December 31, 1975.* 29 U.S.C. § 1061(b)(2). Employers failing to conform their pension plans to ERISA's regulatory scheme after the applicable dates are liable in a civil *action to the plan's participants. 29 U.S.C. § 1132.*

Defendant's first plan year after December 31, 1975 commenced on July 1, 1976 *and from that time ERISA's participation and vesting standards applied to it.* Plaintiff attempts to attack the instant plan's age and service requirements is unreasonable and arbitrary under ERISA as of dates prior to and including August 31, 1975, his date of discharge. *At none of these times were ERISA's standards as to participation and vesting applicable to defendant's plan and therefore plaintiff cannot attack the plan by attempting to allege a cause of action under such standards. To allow plaintiff to do so would negate the very language of the statute which delays application of the standards in question. See Keller v. Graphic Systems of Akron, Inc.,* 422 F.Supp. 1005, 1009 (N.D.Ohio 1976)

(where cause of action arose on August 31, 1975, after enactment of ERISA, but before ERISA's effective date for vesting and forfeiture provisions, ERISA was not dispositive of plaintiff's claim and pre-ERISA federal and state law controlled.)

.    .    .    .    .

Plaintiff was discharged on August 31, 1975, almost a full year before the vesting provisions became effective. *I will not take a statute into which Congress deliberately and carefully incorporated delayed effective dates and apply it retroactively.* [Emphasis added by this court].

█ It is apparent by reading the applicable statutes and from the reasoning announced in *Schlansky* that the vesting provisions became applicable by the Act's provisions to plans in existence prior to January 1, 1974 only after December 31, 1975 unless the plan administrator elects to have the provisions apply to an earlier plan year.

It was the plaintiff's contention below, as it is on appeal, that the provisions of ERISA became effective as to defendant's private pension plan as of the date of its enactment into law on September 2, 1974. Since the enactment date was prior to his termination, he asserted the Act converted his accrued but non-vested benefits subject to forfeiture under defendant's pension plan into vested non-forfeitable benefits.

█ The defendant argued that the ERISA provisions delayed compliance with the new vesting provisions for plans in existence prior to January of 1974 until the first plan year after December 31, 1975 unless the administrator of a private pension plan elected to have the provisions apply to an earlier plan year. Defendant elected to amend its plan to be effective January 1, 1976. Thus, when plaintiff resigned prior to this date, his benefits were forfeited under the 1954 plan which was still in existence. We find that the reasoning of the defendant is correct.

In the case under review the parties stipulated that defendant's pension plan became effective on January 1, 1954 and pro-

vided that in order for an employee to have vested rights in the plan he would have to have been employed for ten years *and* be 55 years of age. If the employee resigned without meeting both requirements, he forfeited any interest in the plan. Plaintiff resigned on January 2, 1975, at which time he had been employed by defendant in excess of nineteen years but was only 41 years of age.

The stipulated facts further reveal the defendant elected to bring its 1954 plan into compliance with the more stringent requirements of ERISA beginning with the January 1, 1976 plan year. Plaintiff resigned from the employ of defendant on January 2, 1975. The 1954 plan was in effect at this time, and thus the plaintiff by his own unilateral action does not come within the favorable vesting provisions of ERISA.

In *Perry v. Green*, 468 P.2d 483 the Oklahoma Supreme Court stated in the syllabus at 484:

When on motion for summary judgment it appears from pleadings, affidavits, depositions; admissions, answers to interrogatories or other instruments properly before the Court that there are no genuine issues as to material facts or that admitted facts justify but a single inference therefrom, it is not error to grant summary judgment. (Rule 13—Judgment Where Facts Not Controverted, Title 12 O.S. Ch. 2 Appendix-Rules for the District, Superior and Common Pleas Courts of Oklahoma)

We affirm the granting of the summary judgment for the reason that there is no controversy as to the material facts and the effective date of ERISA as it applies to this defendant is clearly January 1, 1976.

AFFIRMED.

REYNOLDS, P. J., and ROMANG, J., concur.